UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JASON HOLSAPPLE,

                    Plaintiff,                    Case No. 18-cv-11271

v.                                                Honorable Thomas L. Ludington


TROY CUNNINGHAM,

                    Defendant.
_____/


**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED ANSWER**

On April 23, 2018, Plaintiff Jason Holsapple filed a claim against Defendant Troy
Cunningham. ECF No. 1. In it, he claimed that Defendant violated his rights under the First
Amendment and the Michigan Persons with Disabilities Civil Rights Act. *Id.* On May 17, 2018,
Plaintiff filed an amended complaint. ECF No. 3. On June 1, 2018, Defendant filed an answer.
ECF No. 6. That same day, the Court issued a scheduling order setting October 31, 2018 as the
deadline for discovery, providing the parties five months for discovery. ECF No. 7.

On October 8, 2018, Defendant filed a motion for leave to amend his answer to Plaintiff's
amended complaint. ECF No. 9 at 1. The proposed amended answer includes a counterclaim
alleging that Plaintiff violated the parties' settlement agreement from a prior case. *Id.*

**I.**

**1.**

In July 2011, the Bay County Sheriff's Department hired Plaintiff as a full-time Sheriff's
deputy. ECF No. 3 at 3. On March 9, 2012, Sheriff Miller terminated Plaintiff's employment. *Id.*

at 5. On April 5, 2012, Plaintiff filed a lawsuit against Sheriff Miller and Bay County. *Id.* Plaintiff claimed that the defendants violated the Michigan Constitution and the Persons with Disabilities Civil Rights Act and committed defamation and false light invasion of privacy.

The parties settled the lawsuit in May 2014. *See id.* at 8; ECF No. 3-3 at 1. The settlement agreement itself is pertinent to the pending case, for three primary reasons. First, it contains a mutual release of claims provision which released the parties of any actions:

> "[A]rising out of his/her employment and separation therefrom with the Employer, including, but not limited to, any claim which the Employee has asserted, now asserts, or could have asserted, whether now known or unknown, whether now accrued or contingent, which HOLSAPPLE has, had, or may have against DEFENDANTS, arising out of any and all claims that were raised or could have been raised in the Litigation."

ECF No. 3-3 at 4–5. Plaintiff dedicates six pages of his complaint to actions that occurred prior to the settlement agreement, notwithstanding the release. ECF No. 3 at 3–8.

Secondly, the settlement agreement limited Plaintiff's ability to seek employment with Bay County. It provides that Plaintiff would not "apply for or accept employment with the County of Bay or any office of the County of Bay, including but not limited to the Sheriff's office, at any time prior to December 31, 2016." ECF No. 3-3 at 3.

Thirdly, the agreement contains a non-disparagement clause. However, it provides little guidance as to its application. It does not address its actionability, associated damages, or scope. It reads:

> "The parties hereby agree that they and their attorneys, agents, servants, representatives, affiliates, employees, elected and appointed officials, board members, trustees, administrators, successors and assigns shall refrain from defaming or disparaging, either orally or in writing, the reputations, characters, or businesses of any of the parties to the Litigation."

> "The parties understand and agree that the covenant of non-disparagement contained herein is an essential and material part of this Agreement."

ECF No. 3-3 at 6–7.

**2.**

**i.**

Throughout 2017, Plaintiff applied for multiple employment positions with Bay County. ECF No. 3 at 8–11. On January 4, 2017, he applied for a road patrol deputy position. *Id.* at 8. Plaintiff later learned that certain employees mocked the fact that Plaintiff applied for the position and joked that Bay County would never hire him. *Id.* at 8. In March 2017, Defendant posted four more positions for road patrol deputies. *Id.* at 9. Plaintiff heard that there was a lack of qualified applicants and requested that his previous application be considered for these positions. *Id.* On March 14, 2017, Defendant posted another three positions for road patrol deputies. *Id.* at 9. Plaintiff again requested that his application be considered. *Id.* In September 2017, Defendant posted two more deputy positions. *Id.* at 10. Plaintiff again requested that his application be considered. *Id.* at 11. He did not receive an interview or response to any of these applications. *Id.*

During this time, Plaintiff heard that William Gutzwiller heard that Defendant had told Lieutenant Nate House that Defendant was concerned that if Gutzwiller received a position in Essexville, that Gutzwiller would hire Plaintiff. *Id.* at 10. Plaintiff advances this third level of hearsay to allege that Defendant is attempting to prevent him from working for Bay County. *Id.* Plaintiff also presents another hearsay statement from a Sergeant Spencer who claims that Defendant told Spencer that he would never hire Spencer because he was associated with Holsapple. *Id.* at 11. Plaintiff also claims that Defendant refuses to allow his deputies to teach at Delta College because Holsapple and Lee teach there. *Id.* at 12.

On April 23, 2018, Plaintiff filed the complaint giving rise to this case. ECF No. 1. In it, he presented three counts, all centered on the fact that Defendant did not hire him despite his multiple applications in 2017. In his prior lawsuit, Plaintiff alleged that Defendant *terminated* him

due to Plaintiff's support for Sheriff Robert Lee. In the current case, Plaintiff is alleging that Defendant did not *hire* him due to Plaintiff's prior support for Sheriff Lee.

The first two counts claim that Defendant's post release conduct in refusing to consider his employment applications violated his First Amendment rights to political affiliation and exercise of free speech. The third count claims that Defendant violated the Michigan Persons with Disabilities Civil Rights Act. *Id.* at 19 – 21. Plaintiff raises no claim of discrimination on the basis of his disability. Rather, he claims that Defendant refused to hire Plaintiff because Plaintiff filed a prior lawsuit against him under the Disabilities Civil Rights Act, presumably subject to the mutual release.

## ii.

The next phase of the case involves its attorneys rather than the actual parties. Soon after Plaintiff filed the current lawsuit, the Bay City Times published an article entitled "Fired deputy who won $480,000 settlement sues sheriff for not rehiring him." ECF No. 3-2. Beneath the title is a photograph of Plaintiff and his attorney, Victor Mastromarco. The article describes the previous and current lawsuits that Plaintiff filed against Defendant. Plaintiff declined to comment for the article, instead referring questions to Mr. Mastromarco. The article quotes Mr. Mastromarco as stating,

> "This is a clear, plain case of retaliation by Cunningham…We insisted (when the prior lawsuits were settled) that he be able to reapply after Miller left since when our suit settled, Miller was still sheriff. Holsapple had the right to reapply, they agreed he had the right to reapply, and they better have a damn good reason why Holsapple did not get the job…People who have talked to (Holsapple) have said Cunningham has made statements that he's not going to hire Holsapple…It's not (Cunningham's) prerogative. His prerogative is being colored by Holsapple having filed a (prior) lawsuit against him."

*Id.* Defendant declined to comment for the article, instead referring questions to his attorney, Amber Davis-Johnson. She stated:

The Bay County sheriff strongly denies the allegations in Mr. Holsapple's latest complaint [that he is refusing to consider Plaintiff's employment applications]…It is unfortunate that Mr. Holsapple continues to waste tax payer dollars on unsubstantiated lawsuits the sheriff's office and Bay County are forced to defend. The sheriff remains confident that Mr. Holsapple's complaint will be dismissed in its entirety and in short order. Despite Mr. Holsapple's assertions, the sheriff is under no obligation to re-hire previously discharged employees whose past work ethic and performance with the department suggest he would not best serve the Bay County citizens the sheriff's office is entrusted to protect.

*Id.*

On May 15, 2018, Plaintiff filed an amended complaint adding three counts of defamation of character, false light invasion of privacy, and breach of contract. ECF No. 3. Though the article quotes both Mr. Mastromarco and Ms. Davis-Johnson, Plaintiff claims that Ms. Davis-Johnson's statement violated the non-disparagement clause of the settlement agreement. ECF No. 3 at 22–29.

On June 1, 2018, Defendant filed his answer, but made no mention of the non-disparagement clause. ECF No. 6. Almost five months later, Defendant filed a motion for leave to file an amended answer to include a counterclaim alleging that Plaintiff violated the non-disparagement clause. ECF Nos. 9, 9-1 at 40–46. In his proposed answer, he argues that "Plaintiff committed the first breaches of the Settlement Agreement and non-disparagement clause and is barred from asserting a breach of contract claim for violation of the Settlement Agreement and/or non-disparagement clause." ECF No. 9-1 at 28. What was first presented as an avenue to rebut Plaintiff's allegations, is now presented as an opportunity to recover Defendant's alleged disparagement damages.

## II.

Under the Federal Rules of Civil Procedure 15(a)(2), a court should "freely give" a party leave to amend its complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave should be granted absent "undue delay, undue prejudice to the opposing party, bad faith, dilatory motive,

repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 83 S.Ct. 227, 230 (1962)).

Defendant's motion to amend will be denied because it is unduly delayed and unduly prejudices Plaintiff.

### III.

Defendant claims that "Plaintiff only recently admitted in his deposition on October 4, 2018 that he made the disparaging statements that are at issue in the counterclaim, therefore this Motion could not have been filed earlier and was not unduly delayed." ECF No. 9 at 3. However, this is not the case. During the deposition in question, Defendant presented Plaintiff with multiple news articles. *Id.* The articles contained statements by Plaintiff. *Id.* For each article, Defendant asked Plaintiff whether Plaintiff considered his statements to be disparaging. *Id.* In every instance, Plaintiff stated that he did not consider them to be disparaging. *Id.*

Defendant frames this deposition as a significant moment in the development of the case and his need to file an amended answer and counterclaim, as if the deposition put him on notice of new information concerning Plaintiff's statements. *See* ECF No. 9 at 3. However, no such information was presented during the deposition. Defendant asked Plaintiff about the statements and Plaintiff confirmed that he made the statements. ECF No. 11-5. This could not have surprised Defendant since the articles themselves quoted Plaintiff as the speaker. Furthermore, Plaintiff never admitted that the statements were disparaging. Nothing in the deposition related to Plaintiff's statements can be considered new information that was not already at Defendant's disposal, including the news articles themselves. These articles were published between 2014 and 2016 and readily available to the public. It is apparent that Defendant knew of the articles because Defendant

brought the articles to the deposition. It is not as if Defendant first learned of them during the deposition.

Granting Defendant's motion to amend at this stage of litigation would prejudice Plaintiff. Defendant filed the motion less than a month before the discovery deadline. Plaintiff had 14 days to respond to the motion and Defendant had another 7 days to reply. *See* Local Rule 7.1(2). When added to the amount of time required by the court to decide the motion, it is no surprise that the discovery deadline passed over two weeks ago. Defendant has expressed willingness to be flexible on Plaintiff's discovery deadlines, but this does not mitigate the harm that would be caused. ECF No. 11 at 2–3. Litigants have a right to proceed to the merits of an action and receive a determination of rights and liabilities without undue delay. *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Defendant further argues that granting the motion would not prejudice Plaintiff because Plaintiff had a month from the time of the motion's filing until the end of discovery. ECF No. 9 at 2–3. Defendant treats his motion as if it were an amended answer and one that Plaintiff is responsible to address. However, Defendant's motion is just that: a motion. It is not an amended answer. Defendant may not foist upon the Plaintiff the burden to respond to a proposed counterclaim that has yet to be accepted by the Court.

Defendant has not provided a reasonable explanation for why it could not have filed the motion months ago rather than on the eve of the close of discovery. His motion is unduly delayed and would unduly prejudice Plaintiff.

**IV.**

Accordingly, it is **ORDERED** that Defendant's motion to amend, ECF No. 9, is **DENIED**.

Dated: November 16, 2018                          s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager