UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON HOLSAPPLE,

    Plaintiff,                                      Case No. 18-cv-11271
                                                Honorable Thomas L. Ludington

vs.

TROY CUNNINGHAM,

    Defendant.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This case arises from an ongoing conflict between Plaintiff and certain members of the Bay County Sheriff's Department, Plaintiff's former employer. In July 2011, the Bay County Sheriff's Department hired Plaintiff as a full-time Sheriff's deputy. In the 2012 Sheriff's primary election, Sheriff Miller faced opposition from a retired deputy, Robert "Bobby" Lee. Plaintiff supported Mr. Lee rather than the incumbent Sheriff Miller. Pl. Resp. Ex. 3 at 78, 80-82. Sheriff Miller won the election. On March 9, 2012, Sheriff Miller terminated Plaintiff's employment. *Id.* at 5. On April 5, 2012, Plaintiff filed a lawsuit against Sheriff Miller and Bay County. *Id.*

Plaintiff alleged that his termination occurred because of his affiliation with the Sheriff's political opponent in violation of his First Amendment rights and the Michigan Constitution. In the order denying the Defendants' motion for summary judgment, the Court held that there was a question of fact as to whether Sheriff Miller learned of Plaintiff's protected activity the day before he terminated Plaintiff. *Holsapple v. Miller*, No. 13-11039, 2014 WL 525391, at *6 (E.D. Mich. Feb. 10, 2014). If so, the Court held that the temporal proximity between Sheriff Miller learning of the protected activity and his decision to terminate Plaintiff was sufficient to satisfy

Plaintiff's prima facie case for First Amendment retaliation. *Id.* The Court also held that there was a question of fact as to whether Sheriff Miller would have made the same decision to terminate Plaintiff absent the protected conduct. *Id.* at *7. The Court held that the Defendants had not eliminated the factual dispute by claiming that Plaintiff was terminated "only after the Sheriff received numerous complaints from [Holsapple's] co-workers for reasons such as his negative attitude and disparaging and insubordinate remarks concerning the workplace, fellow deputies, command officers, the Sheriff and Bay County citizens." *Id.* The Court found that these allegations were in dispute. *Id.*

The case, however, was never tried. On the contrary, the parties settled the lawsuit in May 2014. *See id.* at 8; ECF No. 3-3 at 1. The settlement agreement itself is pertinent to the pending case for three primary reasons. First, it contains a mutual release of claims provision which released the parties of any actions:

> [A]rising out of his/her employment and separation therefrom with the Employer, including, but not limited to, any claim which the Employee has asserted, now asserts, or could have asserted, whether now known or unknown, whether now accrued or contingent, which HOLSAPPLE has, had, or may have against DEFENDANTS, arising out of any and all claims that were raised or could have been raised in the Litigation.

ECF No. 3-3 at 4–5. Secondly, the settlement agreement limited Plaintiff's ability to seek employment with Bay County. It provides that Plaintiff would not "apply for or accept employment with the County of Bay or any office of the County of Bay, including but not limited to the Sheriff's office, at any time prior to December 31, 2016." ECF No. 3-3 at 3. Thirdly, the agreement contained a non-disparagement clause. However, it provided little guidance as to its application. It did not address its actionability, associated damages, or scope. It reads:

> The parties hereby agree that they and their attorneys, agents, servants, representatives, affiliates, employees, elected and appointed officials, board members, trustees, administrators, successors and assigns shall refrain from defaming or disparaging, either orally or in writing, the reputations, characters, or businesses of any of the parties to the Litigation. The parties understand and agree that the covenant of non-disparagement contained herein is an essential and material part of this Agreement.

ECF No. 3-3 at 6–7.

On April 23, 2018, Plaintiff Jason Holsapple filed a complaint against Defendant Troy Cunningham, the Bay County Sheriff. ECF No. 1. He claimed that Defendant violated his rights under the First Amendment and the Michigan Persons with Disabilities Civil Rights Act. *Id.* On May 17, 2018, Plaintiff filed an amended complaint adding three counts of defamation of character, false light invasion of privacy, and breach of contract (breach of the earlier settlement agreement). ECF No. 3. ECF No. 3. On June 1, 2018, Defendant filed an answer. ECF No. 6. The Court issued a scheduling order setting October 31, 2018 as the deadline for discovery. ECF No. 7.

On October 8, 2018, Defendant filed a motion for leave to amend his answer to Plaintiff's amended complaint. ECF No. 9 at 1. The proposed amended answer included a counterclaim alleging that Plaintiff violated the parties' earlier settlement agreement. *Id.* The motion was denied. ECF No. 12. On November 20, 2018, Plaintiff filed a motion to quash a subpoena and for a protective order. ECF No. 13. Plaintiff contended that Defendant issued an untimely subpoena (after the close of discovery) to the Frankenmuth Police Department requesting records related to Plaintiff's employment with the department. *Id.* at 2. The motion was granted as unopposed but the request for a protective order was denied. ECF No. 15. Plaintiff also moved to compel production of certain documents, which was granted as unopposed. ECF Nos. 14, 22.

On December 21, 2018, Defendant moved for summary judgment. ECF No. 16. Plaintiff responded, and Defendant replied. ECF Nos. 21, 23. On February 15, 2019, the Court entered an order granting Defendant's motion for summary judgment and dismissing the complaint. ECF No. 15. On March 1, 2019, Plaintiff filed a motion for reconsideration of the Court's order granting Defendant's motion for summary judgment. ECF No. 27. Defendant was directed to respond, and did so on March 19, 2019. ECF No. 29.

**I.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II**.

Plaintiff asserts two palpable errors: 1) "the Court erred in failing to find a genuine issue of material fact regarding Plaintiff's claim of defamation per se"; 2) "the Court erred in exercising supplemental jurisdiction over Plaintiff's state law claims."

**A.**

Plaintiff takes issue with the Court's conclusion that the following statement made to the media by Defendants' attorney was not defamatory because it was an opinion and not an assertion of provable fact:

> It is unfortunate that Mr. Holsapple continues to waste tax payer dollars on unsubstantiated lawsuits the sheriff's office and Bay County are forced to defend. The sheriff remains confident that Mr. Holsapple's complaint will be dismissed in its entirety and in short order. *Despite Mr. Holsapple's assertions, the sheriff is under no obligation to re-hire previously discharged employees whose past work ethic and performance with the department suggest he would not best serve the Bay County citizens the sheriff's office is entrusted to protect.*

Although Plaintiff quotes the entirety of the statement at issue, his arguments and the case law cited in support of those arguments only addresses the italicized portion above. *See* Mot. at 6 ("In this case, the statements suggest, as a literal fact, that Plaintiff's past work ethic and performance was unsatisfactory.").

It is important to note at the outset that the purpose of a motion for reconsideration is not to provide an opportunity to more thoroughly address issues that received little earlier attention or to develop additional legal authority. Here, Plaintiff does exactly that. In Defendant's motion for summary judgment, Defendant argued that, in order to be actionable, a statement must be an unambiguous assertion of fact that is provable as false. Mot. at 22, ECF No. 16 (citing *Locricchio v. Evening News Association*, 438 Mich. 84 (1991)). Defendant explained that the statement in this case cannot be provable as false because "it would require Plaintiff to demonstrate that his past performance and work ethic *would, in-fact* best serve Bay County and its citizens," which necessarily constitutes an opinion and therefore cannot be considered defamatory. *Id.* (emphasis in original).

In response, Plaintiff argued as follows:

> Lastly, Defendant argues that the statements cannot be provable as false and, as such, constitute mere opinions. Yet, Plaintiff's past performance and work ethic are subject to factual analysis. As noted repeatedly, this Honorable Court precisely held in the prior lawsuit that there were factual questions regarding Plaintiff's performance and work ethic that precluded summary judgment. Implicit from said reasoning, one can factually determine whether Plaintiff in fact had a bad attitude, performed poorly, or displayed an insufficient work ethic so as to be unable to serve the County.

Resp. at 24, ECF No. 21.

Plaintiff mischaracterized the statement at issue. Defendant's attorney did not say Plaintiff had a "bad attitude" nor did she say that Plaintiff "performed poorly" nor did she say that he displayed an "insufficient work ethic." Rather, she stated that his "past work ethic and performance with the department suggest he would not best serve the Bay County citizens." Plaintiff provided no legal citations supporting his broad notion of what constitutes a defamatory statement. Moreover, he did not address the precise content of the statement at issue, opting instead to editorialize about the statement.

Plaintiff also asserted that his "past performance and work ethic are subject to factual analysis." Although this is undeniably true, it does not answer the question at issue. The question at issue is not whether Plaintiff's performance and work ethic are susceptible to factual analysis. Rather, the question is whether Defense counsel actually *made a factual assertion* about Plaintiff's past performance and work ethic. Plaintiff did not attempt to answer the latter question.

In stark contrast to the terse analysis Plaintiff provided in his previous response brief (quoted above), his current motion for reconsideration offers a 7-page discussion of when and under what circumstances a statement which is facially presented as an opinion can nonetheless constitute an assertion of fact. Plaintiff cites Supreme Court precedent for the proposition that an "expression of 'opinion' may often imply an assertion of objective fact." Mot. at 4 (citing

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18 (1990)). Plaintiff also cites Sixth Circuit authority which sets forth a multi-factor test to determine whether a defamatory meaning may be gleaned from a particular statement:

> (1) The common usage or meaning of the allegedly defamatory words themselves, whether they are commonly understood to be loose, figurative, or hyperbolic words;
> (2) The degree to which the statements are verifiable, whether the statement is objectively capable of proof or disproof;
> (3) The immediate context in which the statement occurs; and
> (4) The broader social context into which the statement fits.

Mot. at 5 (quoting *Ogle v. Hocker*, 279 F. App'x 391, 397 (6th Cir. 2008)). Plaintiff contends that, although the statements at issue were presented as an opinion, someone hearing the statements made about him would reasonably interpret them to imply that his work performance was unsatisfactory.

Plaintiff also relies on Michigan Supreme Court precedent dating back to the late 1800's. *Id.* at 8-9 (citing *Loranger v. Loranger*, 115 Mich. 681 (1898). According to Plaintiff, the court in that case held that the following statements were assertions of fact, not unverifiable opinions: "you are not a decent woman," "you do not keep a respectable house," "you are not respectable." *Id.* The court reasoned that, according to the parlance of the times, to charge a woman with not keeping a respectable house would be understood to mean keeping a "bawdy house" or a "house of ill fame." *Id.* Plaintiff contends that, if these assertions are not assertions of fact, "one must question how any allegation of lack of chastity could be factually verified." *Id.* at 9.

Unfortunately, the time for exploring centuries' old precedent and multi-factor balancing tests has passed. Because Plaintiff did not advance these arguments or authorities in support of his response to the motion for summary judgment, Plaintiff has waived his right to do so. *See Martin v. A.O. Smith Corp.*, 931 F. Supp. 543, 550 (W.D. Mich. 1996) (noting that arguments

raised for the first time in a motion for reconsideration are waived); *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir.1997) ("[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

**B.**

Next, Plaintiff contends that the Court erred in adjudicating his challenged state law claims on the merits, but rather should have declined to exercise supplemental jurisdiction over those claims and dismissed them without prejudice so that they could be brought in state court. As Defendant notes, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). Justification for this doctrine "lies in considerations of judicial economy, convenience and fairness to litigants." *Id.*

Plaintiff underscores precedent which states that "[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719 (6th Cir. 2006)." Moreover, Plaintiff contends that "In fact, this Honorable Court has frequently noted that dismissal without prejudice of state law claims is the 'clear rule of this circuit,' oftentimes citing *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1998), and *Perry v. Se. Boll Weevil Eradication Found.*, 154 F. App'x 467, 478 (6th Cir. 2005)." Plaintiff further argues as follows:

> Although Plaintiff acknowledges that the exercise of supplemental jurisdiction is ultimately discretionary, this Court did not explain why it retained jurisdiction. It did not evaluate various factors, such as judicial economy, convenience, fairness, or comity as the Sixth Circuit has instructed a trial court to weigh. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951-952 (6th Cir. 2010).

Thus, Plaintiff suggests that a court's discretionary decision to exercise supplemental jurisdiction could in some circumstances be considered a palpable error justifying relief on a motion for reconsideration. Plaintiff goes on to suggests that, even if the decision itself was not a

palpable error or an abuse of discretion, a court's failure to analyze the above factors and *explain* its reasons for exercising supplemental jurisdiction is a palpable error. Even if either of these propositions is correct, Plaintiff overlooks a key point. That is, Plaintiff provides no authority for his unstated assumption that the Court must raise this issue *sua sponte*. In his response to Defendant's motion for summary judgment, Plaintiff did not ask (in the alternative, or otherwise), for the Court to decline to exercise supplemental jurisdiction over his state law claims in the event that his federal claims were resolved against him. Nor did Plaintiff provide any analysis as to how the above-quoted discretionary factors would apply in this case. Issues raised for the first time in a motion for reconsideration are waived. *See Martin v. A.O. Smith Corp.*, 931 F. Supp. 543, 550 (W.D. Mich. 1996).

### III.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 27, is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: March 22, 2019